Reese, J.
delivered the opinion of the court.
In 1838, Brown having obtained judgment against Massey, and caused fi-fa. to be issued thereon, filed his bill in chancery to have a certain occupant claim of Massey’s, south and west of the congressional reservation, subjected to sale for the satisfaction of his debt, and it was decreed accordingly, and Brown became purchaser at the Master’s sale, which was confirmed ánd a final decree rendered, purporting to divest the title of Massey and vest it in Brown.
Afterwards this bill was filed between the same parties, reciting the former decree and alledging that Massey would not surrender possession and praying that possession be decreed to be delivered up to complainant,, and for an account of rents and profits, and this was ordered and decreed accordingly, and an appeal prosecuted to this court. At the time these bills were filed the occupant claimant had no title or interest in the land, which could be sold by ays. fa. orbe proceeded against in equity. He was a trespasser upon the lands of the United States, and his actual possession and settlement would be prohibited by the laws and courts of the latter from the intrusion and wrongful action of others.
The State was bound on grounds of policy and for the sake of public repose, to keep the peace, as it were, among these intruders upon the lands of the United States, and prevent them *472 from disturbing the possessions of each other. Thus far courts could go; thus far they went, and no farther. This has been repeatedly decided in the western division of the State, where these claims are more numerous, and litigation arising out of them more frequent, and several cases to that effect have been reported. The decree must be reversed and the bill dismissed.